UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF:      )  Case No: B-1081984 C-13D
**LASHONDRA M. MURRY,**   )
            )
  Debtor(s)      )
_____)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtor's plan pursuant to 11 U.S.C. §1325 and shows unto the Court the following:

1. The Debtor filed a petition under Title 11 of the United States Code, Chapter 13, on October 29, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On October 29, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The petition filed by the Debtor proposes a monthly plan payment of $1,248.00 for a period of 60 months. There is no required return to unsecured creditors. The Debtor lists unsecured debt of approximately $144,474.00 in Schedule "F" consisting mostly of a student loan debt.

5. The Debtor proposes to retain and pay for a timeshare with Place View South ("the timeshare") and a boat financed with Commerce Bank ("the boat"). The timeshare is to be paid directly by the Debtor in the amount of $140.20 per month and the boat is to be paid through the Trustee's office in the amount of $6,600.00 in monthly installments of $131.00.

6. The applicable commitment period in this case is sixty months. 11 U.S.C. §1325(b)(4).

7. The Trustee objects to confirmation of the Debtor's plan in that the Debtor is not devoting all of his projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b). The timeshare and boat payments do not constitute reasonable

1

or necessary expenses. The timeshare and the boat should be released to the creditors and the funds devoted to payment of the same should be directed instead to other creditors, including unsecured creditors.

8. The Trustee objects to confirmation of the Debtor's plan in that retention of the timeshares and the boat and payment of the same while paying no dividend to unsecured creditors shows that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3).

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtor's plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §§1325(b) and 1325(a)(3), and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. For such other and further relief as the Court may deem just or proper.

This the 20th day of December, 2010.

                                            s/Benjamin E. Lovell
                                            Benjamin E. Lovell
                                            Attorney for the Trustee
                                            State Bar No: 23266
                                            P.O. Box 3613
                                            Durham, N.C. 27702
                                            Telephone: (919) 688-8065

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, lLashondra M> Murry, 3251 Bristol St., Sanford, NC 27332, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

      This 20th day of December, 2010.

                                                                             s/Benjamin E. Lovell
                                                                             Benjamin E. Lovell, Esq.
                                                                             Attorney for the Standing Trustee